Filed 4/21/14  P. v. Rubio CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JORGE LUIS RUBIO, SR.,<br><br>     Defendant and Appellant. | H039299<br>(Monterey County<br>Super. Ct. No. SC960022) |

Jorge Luis Rubio, Sr. appeals a judgment of the trial court committing him as a sexually violent predator pursuant to Welfare and Institutions Code sections 6600 et seq. Appellant challenges the constitutionality of the Sexually Violent Predator Act (SVP Act).

### STATEMENT OF THE CASE

This is appellant's second appeal in this case.  The first occurred as a result of a March 4, 2011 commitment as a sexually violent predator for an indeterminate term. Appellant challenged the constitutionality of the SVP Act.  On July 20, 2012, this court reversed and remanded the case with the direction to the trial court to suspend proceedings pending finality of the decision in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee*).  (*People v. Rubio* (Jul. 20, 2012, H036678) [nonpub. opn.].)

On October 24, 2012, the trial court held a hearing pursuant to this court's remand order, and imposed an indeterminate commitment pursuant to the Act. Appellant filed a timely notice of appeal.

DISCUSSION

The SVP Act mandates indefinite commitment for an individual found to be an SVP: "If the court or jury determines that the person is a sexually violent predator, the person shall be committed for an indeterminate term to the custody of the State Department of State Hospitals for appropriate treatment and confinement in a secure facility designated by the Director of State Hospitals." (Welf. & Inst. Code, § 6604.)

Appellant contends that indeterminate commitment under the SVP Act violates several constitutional guarantees, namely due process, ex post facto, double jeopardy, and equal protection. Appellant also asserts his due process rights were violated because he was not present at his commitment hearing.

### *Due Process, Ex Post Facto and Double Jeopardy*

Appellant asserts the SVP Act's provision for an indeterminate term violates the due process clause, the ex post facto clause and the double jeopardy clause. These claims were raised and rejected in appellant's prior appeal. (*People v. Rubio, supra,* H036678 [nonpub. opn.].)

### *Equal Protection*

In *McKee*, the defendant argued that indeterminate commitment under the SVP Act violates equal protection because other civilly committed individuals, such as mentally disordered offenders (MDO's) and those found not guilty by reason of insanity (NGI's), are subject to commitment for determinate periods with greater procedural protections. (*McKee, supra,* 47 Cal.4th at pp. 1196, 1200-1202, 1207.) *McKee* held that SVP's are similarly situated to MDO's and NGI's for equal protection purposes, but it

2

concluded that the record was insufficient to determine whether a justification exists for treating SVP's differently from MDO's and NGI's. (*Id.* at pp. 1203-1207.) *McKee* therefore remanded the case to the San Diego Superior Court with directions to hold an evidentiary hearing and determine whether the disparate treatment of SVP's is justified. (*Id.* at pp. 1208-1209.) The superior court conducted an evidentiary hearing and ruled that the People had demonstrated a constitutionally sufficient justification for treating SVP's differently from MDO's and NGI's. (*People v. McKee* (2012) 207 Cal.App.4th 1325, 1331 (*McKee II*).) The superior court's order was affirmed by the Fourth Appellate District in *McKee II, supra,* 207 Cal.App.4th 1325, 1350. The Supreme Court denied review of *McKee II.*

Appellant contends that the Fourth Appellate District improperly evaluated the evidence and erroneously concluded that indeterminate commitment under the SVP Act does not violate equal protection. He therefore urges us to reject the *McKee II* holding, and requests this court "remand the [present] case for a hearing on whether the State can meet its burden to show a compelling state interest in furtherance of which it is necessary to impose a burden of proof upon appellant as an SVP that is different form that applies to MDO's and NGI's."

Ordinarily the opinion of one Court of Appeal is not binding on another Court of Appeal. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 498, p. 558.) "However, there is a tendency for a Court of Appeal to follow decisions from . . . other districts or divisions." (*Id.*, § 498, p. 560.) "Normally, a Court of Appeal will follow prior decisions of . . . other districts or divisions." (*Id.*, § 499, p. 560) We are inclined to adhere to the general tendency and follow the Fourth Appellate District's holding in *McKee II.*

The Supreme Court's denial of review in *McKee II* supports our inclination to follow the *McKee II* holding. We construe the Supreme Court's denial of review as an endorsement of *McKee II.* The Supreme Court itself has stated that when it denies a

petition for review, that ruling is not "without significance." (*Di Genova v. State Board of Education* (1962) 57 Cal.2d 167, 178.) We therefore believe that the Supreme Court has impliedly directed us to abide by the Fourth Appellate District's decision in *McKee II*, and we decline defendant's invitation to depart from the holding in *McKee II*.

### *Presence at the Hearing*

Appellant asserts he was denied his due process rights because he was not personally present at the commitment hearing. Appellant was present during the trial and the initial indeterminate commitment in this case.

It should be noted that the hearing about which appellant complains was the second hearing for commitment after remand and the issuance of the opinion in *McKee II*. As a result, the indeterminate commitment ordered at the second hearing was essentially *pro forma*, having been ordered previously in the case. Appellant was not denied his due process rights by not being present for the second indeterminate commitment.

## DISPOSITION

The judgment is affirmed.

_____
                    RUSHING, P.J.

WE CONCUR:

_____
          PREMO, J.

_____
          MÁRQUEZ, J.

4